**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of ___Texas_____
                                      (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Loyalty Ventures Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   None

3. **Debtor's federal Employer Identification Number (EIN)**

   8 7 – 1 3 5 3 4 7 2

4. **Debtor's address**

   **Principal place of business**

   8235 Douglas Avenue
   Number     Street

   Suite 1200

   Dallas                    TX      75225
   City                      State   ZIP Code

   Dallas
   County

   **Mailing address, if different from principal place of business**

   Number     Street

   P.O. Box

   City                      State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number     Street

   City                      State   ZIP Code

5. **Debtor's website (URL)**

   https://www.loyaltyventures.com

Debtor    Loyalty Ventures Inc.
_____    Case number *(if known)*_____
          Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>   <u>4</u>   <u>1</u>   <u>5</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   Loyalty Ventures Inc.
_____   Case number *(if known)* _____
Name

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

If more than 2 cases, attach a separate list.

☐ Yes.  District _____  When _____  Case number _____
MM / DD / YYYY

District _____  When _____  Case number _____
MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See Rider 1 _____  Relationship  Affiliate _____

District  Southern District of Texas _____  When  03/10/2023
MM  /  DD  /  YYYY

Case number, if known  _____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                      State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

Debtor    <u>Loyalty Ventures Inc.</u>
     Name                                 Case number *(if known)*_____

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets[1]**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

1.  Does not include the value of any potential litigation claims that may be asserted by the debtor.

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>03/10/2023</u>
                MM  / DD / YYYY

✖   <u>*/s/ John J. Chesnut*</u>             <u>John J. Chesnut</u>
    Signature of authorized representative of debtor          Printed name

Title   <u>Chief Financial Officer of Loyalty Ventures Inc.</u>

Debtor    Loyalty Ventures Inc.
_____
Name                                                Case number (if known)_____

**18. Signature of attorney**          ✖    __/s/ Matthew D. Cavenaugh__          Date    __03/10/2023__
                                              Signature of attorney for debtor                    MM   / DD / YYYY

                                        Matthew D. Cavenaugh
                                        _____
                                        Printed name
                                        Jackson Walker LLP
                                        _____
                                        Firm name
                                        1401 McKinney Street, Suite 1900
                                        _____
                                        Number      Street
                                        Houston                              TX        77010
                                        _____    _____    _____
                                        City                                 State     ZIP Code

                                        (713) 752-4200                       mcavenaugh@jw.com
                                        _____             _____
                                        Contact phone                        Email address

                                        24062656                             Texas
                                        _____             _____
                                        Bar number                           State

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **5**

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  87-1353472         .

2. The following financial data is the latest available information and refers to the debtor's condition on 9/30/2022          .[1]

    a. Total assets                            $ 1,591,218,000

    b. Total debts (including debts listed in 2.c., below)       $ 1,980,850,000

    c. Debt securities held by more than 500 holders

                                                      Approximate number of holders:

secured ☐   unsecured ☐   subordinated ☐   $ _____     _____

secured ☐   unsecured ☐   subordinated ☐   $ _____     _____

secured ☐   unsecured ☐   subordinated ☐   $ _____     _____

secured ☐   unsecured ☐   subordinated ☐   $ _____     _____

secured ☐   unsecured ☐   subordinated ☐   $ _____     _____

    d. Number of shares of preferred stock                         0

    e. Number of shares common stock                         24,611,933

    Comments, if any: _____

_____

_____

3. Brief description of debtor's business:  Loyalty Ventures Inc. ("LVI") is a leading provider of tech-enabled, data-driven consumer loyalty solutions that help financial services providers, retailers and other consumer-facing businesses create and increase customer loyalty.  LVI operates BrandLoyalty, a European-based business that provides loyalty campaigns to high-frequency retailers and grocers, and AIR MILES, Canada's most recognized consumer loyalty program.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
 Bread Financial Holdings, Inc. (18.97%); BlackRock, Inc. (5.23%)

_____

_____

___

1. As reported in Loyalty Ventures Inc.'s Quarterly Report on Form 10-Q for the quarter ended September 30, 2022 on a consolidated basis.

**RIDER 1**

**<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>**

As of the date hereof, each of the entities listed below (the "<u>Debtors</u>") filed a petition in the Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of Loyalty Ventures Inc.

1. Loyalty Ventures Inc.
2. LVI Lux Holdings S.à r.l.
3. LVI Sky Oak LLC
4. Rhombus Investments L.P.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOYALTY VENTURES INC., | ) | Case No. 23-_____ ([__]) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Bread Financial Holdings, Inc. | 18.97% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOYALTY VENTURES INC., | ) | Case No. 23-_____ ([__]) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Approximate Percentage of Equity Held |
|---|---|---|
| Bread Financial Holdings, Inc. | 7500 Dallas Parkway, Suite 700, Plano TX 75024 | 18.97% |
| BlackRock, Inc. | 55 East 52nd Street, New York, NY 10055 | 5.23% |

---

[1]   This list reflects holders of five percent or more of Loyalty Ventures Inc.'s common stock.  This list serves as the disclosure required to be made by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  By the *Debtors' Emergency Motion for Entry of an Order (I) Waiving the Requirement to File a List of and Provide Notice Directly to Equity Security Holders, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (III) Approving the Form and Manner of the Notice of Commencement, and (IV) Granting Related Relief* filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of their equity security holders.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name: | Loyalty Ventures Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas Houston Division |
| Case number (If known): _____ | |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1 | Bread Financial Holdings, Inc. 3095 Loyalty Circle Columbus, OH 43219 United States | President and Chief Executive Officer Ralph Andretta EMAIL - ralph.andretta@breadfinancial.com PHONE - (718) 248-1622 | Contract Claim | Contingent, Unliquidated, Disputed | | | Undetermined |
| 2 | Eligible Brand Loyalty Omnibus Incentive Plan Employees Koningsweg 101 Den Bosch,  5211 BH The Netherlands | | February 2023 Annual Vesting Amounts | | | | $      827,013 |
| 3 | PricewaterhouseCoopers LLP 2121 N Pearl St Suite 2000 Dallas, TX 75201 United States | Mitch Bramlett Tax Partner EMAIL - mitch.bramlett@us.pwc.com PHONE - (214) 754-7476 | Trade Payable | | | | $      250,000 |
| 4 | Abnormal Security Corp 797 Bryant St San Francisco, CA 94107 United States | Evan Reiser Chief Executive Officer EMAIL - ereiser@abnormalsecurity.com PHONE - (646) 283-9493 | Trade Payable | | | | $      143,577 |
| 5 | Nasdaq 805 King Farm Boulevard Rockville, MD 20850 United States | Vice President, Deputy General Counsel and Corporate Secretary Erika Moore EMAIL - erika.moore@nasdaq.com PHONE - (212) 401-8769 | Trade Payable | | | | $        62,000 |
| 6 | Auditboard 12900 Park Plaza Drive Suite 200 Cerritos, CA 90703 United States | Tina Yeh VP of Finance and Operations EMAIL - tyeh@auditboard.com PHONE - (877) 769-5444 | Trade Payable | | | | $        22,887 |
| 7 | AVI Systems 9675 W 76th St, Ste 130 Eden Prairie, MN 55344 United States | Jeff Stoebner President and Chief Executive Officer EMAIL - jeff.stoebner@avisystems.com PHONE - (701) 223-3800 | Trade Payable | | | | $        22,541 |
| 8 | Ernst & Young Product Sales LLC 950 Main Avenue, Suite 1800 Cleveland, OH 44113 United States | Yvonne Xu Managing Director EMAIL - yvonne.xu@ey.com PHONE - (214) 969-8917 | Trade Payable | | | | $         3,838 |
| 9 | Computershare Inc. Yarra Falls 452 Johnston St Abbotsford, Victoria,  3067 Australia | Stuart Irving Chief Executive Officer EMAIL - stuart.irving@computershare.com.au PHONE - (781) 575-2000 | Trade Payable | | | | $         1,644 |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |

Debtor ___Loyalty Ventures Inc., et al._____
Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |
| 29 | | | | | | | |
| 30 | | | | | | | |

**OMNIBUS ACTION BY WRITTEN CONSENT OF**
**THE GOVERNING BODIES OF**
**LOYALTY VENTURES INC.**
**LVI LUX HOLDINGS S.À R.L.,**
**LVI LUX FINANCING S.À R.L.,**
**LOYALTYONE, CO.,**
**LVI SKY OAK LLC,**
**AND**
**RHOMBUS INVESTMENTS L.P.**

**March 9, 2023**

The undersigned, being (i) all of the members of the boards of directors and all of the members of the boards of managers, as applicable (collectively, the "*Boards*"), of: (1) Loyalty Ventures Inc., a Delaware corporation ("*Holdings*"); (2) LVI Lux Holdings S.à r.l., a private limited liability company (*société à responsabilité limitée*) incorporated under the laws of Luxembourg, with registered office at 11-13, boulevard de la Foire, L-1528 Luxembourg, Grand Duchy of Luxembourg, registered with the Luxembourg Trade and Companies Register under the number B181613 ("*Lux Holdings*"); (3) LVI Lux Financing S.à r.l., a private limited liability company (*société à responsabilité limitée*) incorporated under the laws of Luxembourg, with registered office at 11-13, boulevard de la Foire, L-1528 Luxembourg, Grand Duchy of Luxembourg, registered with the Luxembourg Trade and Companies Register under the number B181593 ("*Lux Financing*") and (4) LoyaltyOne, Co., a Nova Scotia unlimited liability company ("*LoyaltyOne*"), and (ii) each of the members (each, a "*Member*"), limited partners (each, a "*Limited Partner*"), and general partners, as applicable (each, a "*General Partner*" and, together with the Boards, the Members and the Limited Partners, the "*Governing Bodies*" and, each individually a "*Governing Body*"), of: (5) LVI Sky Oak LLC, a Delaware limited liability company and (6) Rhombus Investments L.P., a Bermuda exempted limited partnership (items (1), (2), (5) and (6) together, the "*Chapter 11 Debtors*" and, together with LoyaltyOne and Lux Financing, the "*Companies*" and, each individually, a "*Company*"), do hereby unanimously consent and agree in writing pursuant to the applicable governing documents of the Companies and pursuant to the Delaware General Corporation Law, the Delaware Limited Liability Company Act, the Companies Act (Nova Scotia), the Limited Partnership Act 1883 (Bermuda), as amended, the Partnership Act 1902 (Bermuda), as amended, the Exempted Partnership Act 1992 (Bermuda), as amended, and the laws of the Grand Duchy of Luxembourg as well as article 12.11 of the respective articles of association of Lux Holdings and Lux Financing, as applicable, to the adoption of the following written resolutions in lieu of a meetings of the applicable Governing Bodies, the call and notice of which are hereby expressly waived, and authorize the taking of all actions contemplated hereby.

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by the management and the financial and legal advisors of the Companies, including, but not limited to, Akin Gump Strauss Hauer & Feld LLP ("*Akin Gump*"), United States legal counsel to the Companies, Cassels Brock & Blackwell LLP, Canadian legal counsel to LoyaltyOne ("*Cassels*"), PJT Partners LP ("*PJT*"), investment banker to the Companies, Alvarez & Marsal North America, LLC, United States financial and restructuring advisor to the Companies ("*US A&M*"), and Alvarez & Marsal Canada ULC, Canadian financial and restructuring advisor to LoyaltyOne ("*CA A&M*"), on the date hereof regarding, among other things, the liabilities, assets and liquidity of each Company and the other direct and indirect subsidiaries of the Companies, the strategic alternatives available to each Company and the other direct and indirect subsidiaries of the Companies, and the potential impact (financial and otherwise) of the foregoing on each Company's respective businesses;

**WHEREAS**, the Board of Holdings previously formed the Special Committee of the Board of

Holdings (the "*Special Committee*") whose duties include, among others, to review, analyze, evaluate and negotiate the terms and conditions of, and recommend to the Board of Holdings for further action regarding any potential strategic transactions, recapitalizations, financings, refinancings, amendments, waivers, restructurings, rights offerings, sales of equity or assets or other transactions and any related actions;

**WHEREAS**, in connection with each Governing Body's consideration of such liabilities, assets, liquidity, strategic alternatives and the impact thereof, each Governing Body has reviewed and evaluated the potential financing and/or restructuring alternatives available to each Company, including, but not limited to: (i) an equity or debt (including debtor in possession) financing; (ii) a reorganization; (iii) a merger, recapitalization, refinancing, amendment or exchange of the Companies' existing indebtedness or any of the Companies' capital stock, in each case, whether in-court or out-of-court and/or whether pursuant to a pre-negotiated or pre-planned restructuring plan or proposal or otherwise; (iv) a sale of some or all of the assets of the Companies; (v) the seeking of relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*") and the filing of voluntary petitions pursuant thereto; (vi) the seeking of relief pursuant to the *Business Corporations Act* (Canada) R.S.C 1985, c. C-44, the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36 as amended (the "*CCAA*") or the *Bankruptcy and Insolvency Act* (Canada) 1985, c. B-3; (vii) any combination of the foregoing and (viii) any other strategic alternatives available to any Company (collectively, the "*Transaction Alternatives*");

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to such Company, including, but not limited to, the Transaction Alternatives;

**WHEREAS**, in contemplation of the foregoing, the Companies, the Special Committee and the Companies' advisors have engaged with certain respective creditors of the Companies and other parties in interest in negotiating certain transactions (the "*Transactions*") on the terms and subject to the conditions set forth in the Transaction Support Agreement, substantially in the form attached hereto as <u>Exhibit A</u> (including any exhibits and other attachments thereto, each as may be modified in accordance with the terms thereof, the "*Transaction Support Agreement*"), by and among (i) each of the Companies; (ii) the Consenting Term B Lenders; (iii) the Consenting Term A Lenders; (iv) the Consenting Revolving Lenders and (v) the Administrative Agent (collectively, the Consenting Term B Lenders, the Consenting Term A Lenders, the Consenting Revolving Lenders and the Administrative Agent, the "*Consenting Stakeholders*");

**WHEREAS**, capitalized terms used but not otherwise defined in these resolutions shall have the meanings ascribed to them in the Transaction Support Agreement;

**WHEREAS**, the Special Committee has considered the presentations by, and recommendations of, the management and the financial and legal advisors of Holdings regarding the liabilities and liquidity situation of Holdings, the Transaction Alternatives, and the effect of the foregoing on Holdings' businesses and the businesses of Holdings' subsidiaries and, after careful consideration of all the facts and circumstances, has recommended that the Board of Holdings approve the Transactions, including, but not limited to (i) the filing by each of the Chapter 11 Debtors of a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "*Bankruptcy Court*") and the filing of the Combined Disclosure Statement and Joint Chapter 11 Plan of the Chapter 11 Debtors (as may be amended, modified or supplemented in accordance with the Transaction Support Agreement, the "*Combined DS and Plan*") and the contents and disclosures thereof, with the Bankruptcy Court; ███████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

WHEREAS, each Governing Body, has considered the recommendations of the Special Committee and the presentations by, and the recommendations of, the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the Transaction Alternatives, and the effect of the foregoing on the Companies' businesses and, after careful consideration of all of the facts and circumstances, has determined that it is advisable and in the best interests of the Companies and their respective stakeholders, creditors, and other parties in interest to consummate the Transactions;

WHEREAS, each Governing Body has determined that the following resolutions are advisable and in the best interests of the Companies and their respective stakeholders, creditors, and other parties in interest;

WHEREAS, each Governing Body, upon the advice of the Companies' advisors and after due and careful consideration of all of the facts and circumstances relating to each of the strategic alternatives available to the Companies, including, but not limited to, the Transaction Alternatives, has determined that it is advisable and in the best interests of the Companies and their respective stakeholders, creditors, and other parties in interest to enter into the Transaction Support Agreement, substantially in the form attached hereto as Exhibit A, and to seek to consummate the transactions contemplated thereby, subject to the terms thereof;



WHEREAS, each Governing Body of a Chapter 11 Debtor, upon the advice of such Chapter 11 Debtor's advisors and after due and careful consideration of all of the facts and circumstances, has determined that it is advisable and in the best interests of such Chapter 11 Debtor and its respective stakeholders, creditors, and other parties in interest that such Chapter 11 Debtor file the Combined DS and Plan with the Bankruptcy Court;

WHEREAS, each Governing Body of a Chapter 11 Debtor, upon the advice of such Chapter 11 Debtor's advisors and after due and careful consideration of all of the facts and circumstances, has determined that it is advisable and in the best interests of such Chapter 11 Debtor and its respective stakeholders, creditors, and other parties in interest that such Chapter 11 Debtor file or cause to be filed a voluntary petition for relief under the provisions of the Bankruptcy Code in the Bankruptcy Court;







**TRANSACTION SUPPORT AGREEMENT**

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body, based on the recommendation of the Special Committee and the information presented to the Governing Bodies by, and the recommendations of, the management and the financial and legal advisors of the Companies, has determined that it is advisable and in the best interests of the Companies and their respective stakeholders, creditors, and other parties in interest to enter into and execute the Transaction Support Agreement and to

seek to consummate the Transactions contemplated thereby, subject to the terms thereof;

**RESOLVED FURTHER**, that the form, terms and provisions of the Transaction Support Agreement and the Companies' execution and delivery of the Transaction Support Agreement and the Companies' performance thereunder, hereby are, in all respects, authorized, approved, adopted and ratified;

**RESOLVED FURTHER**, that the Chief Executive Officer, President, Chief Financial Officer, Treasurer, Secretary and any other duly elected or appointed officer of each Company, as applicable (the "*Authorized Persons*") are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to execute and deliver to the appropriate parties and to perform each Company's obligations under the Transaction Support Agreement, including, but not limited to, the execution, delivery and performance of any agreements, documents, instruments or certificates constituting exhibits, annexes or schedules to, or required to be executed pursuant to, the Transaction Support Agreement, in each case, with such changes therein and additions thereto as any Authorized Person in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by his or her execution and delivery thereof;

## COMBINED DS AND PLAN

**RESOLVED FURTHER**, that each Governing Body of a Chapter 11 Debtor, based on the information presented to such Governing Body by, and the recommendations of, the management and the financial and legal advisors of such Chapter 11 Debtor, authorizes, confirms, approves and ratifies the form, terms and provisions of, and each of the transactions contemplated by, the Combined DS and Plan, including, but not limited to, as such may contemplate a plan of liquidation of any of the Chapter 11 Debtors, in each case, as may be amended or modified from time to time and with such changes therein and additions thereto as any Authorized Person in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by his or her execution and delivery thereof, and the filing thereof with the Bankruptcy Court;

**RESOLVED FURTHER**, that each Governing Body of a Chapter 11 Debtor, based on the information presented to such Governing Body by, and the recommendations of, the management and the financial and legal advisors of such Chapter 11 Debtor, has determined that it is advisable and in the best interests of such Chapter 11 Debtor and its respective stakeholders, creditors, and other parties in interest that such Chapter 11 Debtor commence solicitation of the Combined DS and Plan, pursuant and subject to section 1125(g) of the Bankruptcy Code, the terms of the Transaction Support Agreement, the requirements in such Chapter 11 Debtor's applicable governing documents and applicable law, hereby consents to, authorizes and approves, the commencement of solicitation of the Combined DS and Plan with such changes therein and additions thereto as any Authorized Person in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by his or her execution and delivery thereof;

## CHAPTER 11 FILING

**RESOLVED FURTHER**, that each Governing Body of a Chapter 11 Debtor, based on the information presented to such Governing Body by, and the recommendations of, the management and the financial and legal advisors of such Chapter 11 Debtor, has determined that it is advisable and in the best interests of such Chapter 11 Debtor and its respective stakeholders, creditors, and other parties in interest that such Chapter 11 Debtor shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court (each, a "*Chapter 11 Case*" and, collectively, the "*Chapter 11 Cases*");

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed to execute and file on behalf of each Chapter 11 Debtor all petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers, and to take any and all action that such Authorized Persons deem necessary, appropriate or desirable to obtain such relief, including, but not limited to, any action necessary, appropriate or desirable to maintain the ordinary course operation of such Chapter 11 Debtor's businesses or to assist such Chapter 11 Debtor in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code;



## ADEQUATE PROTECTION

**RESOLVED FURTHER**, that the Companies shall provide certain adequate protection to the Prepetition Secured Lenders, including, but not limited to, adequate protection replacement liens, adequate protection superpriority claims and the receipt of payment of fees and expenses as adequate protection (the "*Adequate Protection Obligations*");

**RESOLVED FURTHER**, that the Companies as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to negotiate and incur the Adequate Protection Obligations, grant liens, make periodic payments and to undertake any and all related transactions on substantially the

same terms as contemplated under the Transactions (collectively, the "***Adequate Protection Transactions***");

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies, as debtors and debtors in possession, to take such actions as in his or her reasonable discretion is determined to be necessary, desirable or appropriate and execute the Adequate Protection Transactions;





**GENERAL  AUTHORITY**

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to take such further steps and execute and deliver such further documents, instruments, agreements, consents and filings as such officers, with the advice of counsel, may deem necessary or desirable to carry out any transactions contemplated by

the above resolutions;

**RESOLVED FURTHER**, that the authority conferred upon any Authorized Person by these resolutions are in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, file and/or record any and all such agreements, certificates, instruments and other documents and to pay all expenses, including, but not limited to, any and all required fees or taxes, in each case, as in such Authorized Person's judgment, shall be necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED FURTHER**, that any and all acts, transactions, agreements or certificates previously signed on behalf of each Company by any Authorized Person in connection with or furtherance of the foregoing resolutions that are consistent with the foregoing resolutions be, and hereby are, in all respects approved, adopted, confirmed and ratified in all respects as the true acts and deeds of such Company, with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Governing Body of such Company and such officer(s) did execute the same;

**RESOLVED FURTHER**, that each of Lux Holdings and Lux Financing instructs and delegates the necessary powers to any of its respective managers, each acting individually with full power of substitution, to act in the name and on behalf of Lux Holdings and Lux Financing, as applicable, to take any and all actions that said person may in his or her absolute discretion deem necessary, appropriate, helpful or desirable to carry out any transactions contemplated by the above resolutions;

**RESOLVED FURTHER**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Person to take all actions necessary, appropriate or desirable to consummate, effectuate, carry out or further the matters contemplated by and the intent and purposes of the foregoing resolutions;

**RESOLVED FURTHER**, that if any resolution contained herein shall be adjudicated by a court of competent jurisdiction to be invalid, prohibited or unenforceable for any reason, then, to the greatest extent permitted by applicable law, such resolution, solely with respect to such jurisdiction, shall be ineffective, without affecting the validity or enforceability of any other resolution in such jurisdiction and without affecting the validity or enforceability of any resolution in any other jurisdiction;

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to certify and furnish such copies of these resolutions and such statements as to the incumbency of such Company's officers, under seal if necessary, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof;

**RESOLVED FURTHER**, that this written consent may be executed in multiple counterparts, all of which shall be considered one and the same consent and shall become effective when signed by the necessary and required directors, managers, members, limited partners, or general partner, as applicable, of the applicable Governing Bodies, in each case, as required to take action by written consent under the applicable governing documents and law of such Company; and

**RESOLVED FURTHER**,  that this consent may be executed and delivered by means of facsimile, telecopy or other electronic transmission (including email of a "pdf" signature), this consent shall be treated in all manners and respects and for all purposes as an original consent and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, each undersigned Governing Body has duly executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF**
**LOYALTY VENTURES INC.**

Graham W. Atkinson

Richard A. Genovese

Charles L. Horn

Barbara L. Rayner

**BOARD OF DIRECTORS OF
LOYALTYONE, CO.**


DocuSigned by:

_Cynthia L. Hageman_

DB47BF7E7CD846E... _____

Cynthia L. Hageman


DocuSigned by:

FB49F31947114B2... _____

Shawn D. Stewart


DocuSigned by:

_Gene Davis_

746588F6D0534D1... _____

Eugene I. Davis


[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF MANAGERS OF
LVI LUX HOLDINGS S.À R.L.**

_____
Jeffrey L. Fair, Class A Manager


_____
Cynthia L. Hageman, Class A Manager


_____
Reine Gueye-Eichhorn, Class B Manager


_____
Stéphane Hepineuze, Class B Manager

[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF MANAGERS OF**
**LVI LUX HOLDINGS S.À R.L.**

_____

Jeffrey L. Fair, Class A Manager

*Cynthia L. Hageman*

Cynthia L. Hageman, Class A Manager

_____

Reine Gueye-Eichhorn, Class B Manager

_____

Stéphane Hepineuze, Class B Manager

[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF MANAGERS OF**
**LVI LUX HOLDINGS S.À R.L.**


_____
Jeffrey L. Fair, Class A Manager


_____
Cynthia L. Hageman, Class A Manager


_____
Reine Gueye-Eichhorn, Class B Manager


_____
Stéphane Hepineuze, Class B Manager


[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF MANAGERS OF**
**LVI LUX FINANCING S.À R.L.**


_____
Jeffrey L. Fair, Class A Manager


_____
Cynthia L. Hageman, Class A Manager


_____
Reine Gueye-Eichhorn, Class B Manager


_____
Stéphane Hepineuze, Class B Manager

**BOARD OF MANAGERS OF**
**LVI LUX FINANCING S.À R.L.**

_____
Jeffrey L. Fair, Class A Manager

_____
Cynthia L. Hageman, Class A Manager

_____
Reine Gueye-Eichhorn, Class B Manager

_____
Stéphane Hepineuze, Class B Manager

[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF MANAGERS OF**
**LVI LUX FINANCING S.À R.L.**

_____
Jeffrey L. Fair, Class A Manager


_____
Cynthia L. Hageman, Class A Manager


_____
Reine Gueye-Eichhorn, Class B Manager


_____
Stéphane Hepineuze, Class B Manager

[Signature Page to Written Consent of the Governing Bodies]

**RHOMBUS INVESTMENTS L.P.**

By: LVI Lux Holdings S.à r.l., its general
partner

By:  *Cynthia L. Hageman*
Name:  Cynthia L. Hageman
Title:   Class A Manager


By:  _____
Name:  Stéphane Hepineuze
Title:   Class B Manager


By: LVI Sky Oak LLC, its limited partner

By: LVI Lux Holdings S.à r.l., its sole member

By:  *Cynthia L. Hageman*
Name:  Cynthia L. Hageman
Title:   Class A Manager


By:  _____
Name:  Stéphane Hepineuze
Title:   Class B Manager

[Signature Page to Written Consent of the Governing Bodies]

**RHOMBUS INVESTMENTS  L.P.**

By: LVI  Lux Holdings  S.à r.l., its general
partner

By:     _____
Name:  Cynthia L. Hageman
Title:    Class A Manager

By:     _____
Name:  Stéphane Hepineuze
Title:    Class B Manager

By: LVI  Sky Oak LLC, its limited  partner

By: LVI  Lux Holdings  S.à r.l., its sole member

By:     _____
Name:  Cynthia L. Hageman
Title:    Class A Manager

By:     _____
Name:  Stéphane Hepineuze
Title:    Class B Manager

[Signature Page to Written Consent of the Governing Bodies]

**LVI SKY OAK LLC**

By: LVI Lux Holdings S.à r.l., its sole member

By:          *Cynthia L. Hageman*
Name:  Cynthia L. Hageman
Title:    Class A Manager


By:          _____
Name:  Stéphane Hepineuze
Title:    Class B Manager


[Signature Page to Written Consent of the Governing Bodies]

**LVI SKY OAK LLC**

By: LVI Lux Holdings S.à r.l., its sole member

By: _____
Name:   Cynthia L. Hageman
Title:    Class A Manager

By: _____
Name:   Stéphane Hepineuze
Title:    Class B Manager

[Signature Page to Written Consent of the Governing Bodies]

---

**Fill in this information to identify the case and this filing:**

Debtor Name _____ Loyalty Ventures Inc. _____

United States Bankruptcy Court for the: _____ Southern _____ District of _____ Texas _____
                                                                                    (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### ▮   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration___ List of Equity Security Holders, Corporate Ownership Statement ___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___ 03/10/2023 ___          ✘  */s/ John J. Chesnut* _____
               MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                        John J. Chesnut _____
                                        Printed name

                                        Chief Financial Officer of Loyalty Ventures Inc. _____
                                        Position or relationship to debtor

Official Form 202                 Declaration Under Penalty of Perjury for Non-Individual Debtors